# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2011

Lyle W. Cayce
Clerk

No. 09-30186

JEREMY SONNIER

Plaintiff-Appellant

v.

JOHN CRAIN, Dr., in his official capacity as Interim President of
Southeastern Louisiana University; JIM McHODGKINS, Individually and in
his official capacity as Assistant Vice President for Students Affairs at
Southeastern Louisiana University; THOMAS CARMICHAEL, Individually
and in his official capacity as Police Officer for University Police Department
at Southeastern Louisiana University

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

ON PETITION FOR REHEARING

Before GARWOOD, DAVIS and DENNIS, Circuit Judges.

PER CURIAM:

For the following reasons we deny Sonnier's petition for panel rehearing:

1. Sonnier acquiesced in the district court's trial plan to defer presentation of evidence which could provide context facts to assist the court in deciding a motion for preliminary injunction. The court did not abuse its discretion in declining to grant relief to plaintiff on his facial challenge when this challenge was presented to the court in a vacuum. This is especially true given that the

defendant in the case was a university rather than a city or other public body. A number of cases have recognized the reduced capacity of a university, whose primary mission is teaching, to provide for security, crowd control, additional insurance, etc. related to disruptive events. See Bowman v. White, 444 F.3d 967 (8th Cir. 2006); ACLU Student Chapter v. Bote, 423 F.3d. 438 (4th Cir. 2005).

2. Sonnier quarrels with our statement that to be successful with his facial challenge, "the challenger must establish that no set of circumstances exist under which the Act would be valid." Sonnier v. Crain, 613 F.3d 436, 443 (2010). This standard was adopted by the Supreme Court in United States v. Salerno, 481 U.S. 739, 745 (1987), and has been cited by the Supreme Court with approval in a number of cases, including at least two recent First Amendment cases. In Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 449 (2008), the Court stated:

> Under United States v. Salerno, a plaintiff can only succeed in a facial challenge by "establishing that no set of circumstances exists under which the act would be valid," i.e., that the law is unconstitutional in all of its applications. While some Members of the Court have criticized the Salerno formulation, all agree that a facial challenge must fail where the statute has a 'plainly legitimate sweep.' [sic]

Id. (citations omitted).

In United States v. Stevens, 130 S. Ct. 1577 (2010), an even more recent First Amendment case, the Court stated that "in a typical facial attack, Stevens would have to establish 'that no set of circumstances exists under which [§ 48] would be valid' or that the statute lacks any 'plainly legitimate sweep.'"

The Court then explained that the "plainly legitimate sweep" test is primarily concerned with an overbreadth challenge.

> In the First Amendment context, however, this Court recognizes "a second type of facial challenge," whereby a law may be invalidated

2

<u>as overbroad</u> if a "substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.

Id. (quoting Wash. State Grange, 551 U.S. at 449 (emphasis added). See also Brazos Valley Coalition for Life, Inc. v. City of Bryan, 421 F.3d 314 (5th Cir. 2005).

The Court then proceeded to hold that the statute was substantially overbroad and therefore invalid under the First Amendment.

As the panel opinion states, Sonnier agreed at oral argument that he was pursuing a regular facial challenge, not an over breadth challenge. Thus, in the absence of an overbreadth challenge, the more flexible "plainly legitimate sweep" standard has no application. See Int'l. Women's Day March Planning Comm. v. City of San Antonio, 619 F.3d 346, 356 n. 10 (5th Cir. 2010).

Therefore, treating the petition for rehearing en banc as a petition for panel rehearing, that petition is DENIED.

DENNIS, Circuit Judge, dissenting from the denial of panel rehearing.

I respectfully dissent from the majority's refusal to grant a panel rehearing. In its order denying rehearing, the panel majority offers a new line of reasoning which reaffirms and entrenches the majority's previous erroneous reliance on the "no set of circumstances" test as a rule of decision governing all facial constitutional challenges. See Sonnier v. Crain, 613 F.3d 436, 453-70 (5th Cir. 2010) (Dennis, J., concurring in part and dissenting in part) (citing and discussing numerous Supreme Court and Fifth Circuit precedents that contradict the majority opinion's use of the "no set of circumstances" test). The majority now relies on a plainly inaccurate reading of the Supreme Court's recent decisions in United States v. Stevens, 130 S. Ct. 1577 (2010), and Washington State Grange v. Washington State Republican Party, 552 U.S. 442 (2008) (hereinafter Grange). The majority incorrectly claims that those cases endorsed the "no set of circumstances" test.

However, in fact, the Court in both Stevens and Grange expressly refrained from deciding whether the "no set of circumstances" test is correct. The Court in both cases acknowledged an ongoing disagreement among the Justices about the proper method for deciding facial challenges, and set forth two alternative descriptions or formulations of the facial challenge inquiry without deciding which of the two was correct. One of the two formulations was the "no set of circumstances" test from United States v. Salerno, 481 U.S. 739, 745 (1987). The other was what might be called the "plainly legitimate sweep" formulation. The Court in Stevens explained as follows:

> To succeed in a typical facial attack, Stevens would have to establish "that no set of circumstances exists under which [§ 48] would be valid," United States v. Salerno, 481 U.S. 739, 745, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987), or that the statute lacks any "plainly legitimate sweep," Washington v. Glucksberg, 521 U.S.

4

702, 740, n. 7, 117 S. Ct. 2258, 138 L. Ed. 2d 772 (1997) (STEVENS, J., concurring in judgments) (internal quotation marks omitted). Which standard applies in a typical case is a matter of dispute that we need not and do not address, and neither Salerno nor Glucksberg is a speech case.

Stevens, 130 S. Ct. at 1587 (alteration in original). Likewise, in Grange, the Court stated: "While some Members of the Court have criticized the Salerno formulation, all agree that a facial challenge must fail where the statute has a 'plainly legitimate sweep.'" Grange, 552 U.S. at 449 (quoting Glucksberg, 521 U.S. at 740 n.7 (Stevens, J., concurring in the judgments)).

It is puzzling that the panel majority characterizes Stevens and Grange as citing the Salerno "no set of circumstances" test "with approval." Maj. Op. 2. On the contrary, as quoted above, the Court expressly acknowledged that the Justices could not agree on the "no set of circumstances" test. The Court did not employ the test in either case.

Although the Supreme Court in Stevens and Grange neither endorsed nor rejected the "no set of circumstances" test, the Court did clearly state that a facial challenge can succeed only if the challenger at least establishes that the law at issue lacks a "plainly legitimate sweep." It is therefore important to consider what the term "plainly legitimate sweep" means in this context.

The panel majority further mischaracterizes Stevens and Grange by conflating the "plainly legitimate sweep" formulation with the separate and distinct standard that governs facial challenges under the overbreadth doctrine. The Court in both Stevens and Grange clearly set forth each of these two standards and did not equate the one with the other. In a facial challenge that does not rely on the overbreadth doctrine, the "plainly legitimate sweep" formulation simply requires the court to decide whether the challenged law has any "plainly legitimate sweep" at all. Grange, 552 U.S. at

5

449 ("[A]ll agree that a facial challenge must fail where the statute has a 'plainly legitimate sweep.'"). By contrast, in a challenge that does rely on the overbreadth doctrine, even if a law does have a "plainly legitimate sweep," the court must still go on to decide whether the law has a "substantial number of . . . applications [that] are unconstitutional, judged in relation to the statute's plainly legitimate sweep." Stevens, 130 S. Ct. at 1587; Grange, 552 U.S. at 449 n.6. Thus, it is readily apparent that the inquiry under the overbreadth doctrine is not the same as the inquiry into whether a challenged law has a "plainly legitimate sweep" in the first place.

Since the "plainly legitimate sweep" formulation in Stevens and Grange is not the same as the overbreadth doctrine, we must look elsewhere in order to understand how to properly determine whether a law has a "plainly legitimate sweep." The Court's reasoning in Grange provides an example of how to make this determination.[*] After announcing that "all [Justices] agree that a facial challenge must fail where a statute has a 'plainly legitimate sweep,'" 552 U.S. at 449, the Grange Court "turn[ed] to the merits of respondents' facial challenge," id. at 451. The Court began by announcing that it was applying the relevant substantive test for determining the constitutionality of state election laws under the First Amendment — namely, the flexible standard under Burdick v. Takushi, 504 U.S. 428

---

[*] *Stevens* does not tell us very much about how to decide whether a law has a "plainly legitimate sweep." In *Stevens*, the Court did not decide the facial challenge by determining whether the statute at issue had a "plainly legitimate sweep," but instead held that the statute was unconstitutional under the overbreadth doctrine. *Stevens*, 130 S. Ct. at 1592 ("[T]he presumptively impermissible applications of § 48 (properly construed) far outnumber any permissible ones. . . . We hold only that § 48 is . . . substantially overbroad, and therefore invalid under the First Amendment."). The *Stevens* Court essentially assumed for the sake of argument that the challenged law had a "plainly legitimate sweep," but determined that the law's unconstitutional applications outnumbered or outweighed whatever applications of the law might fall within that "legitimate sweep." *See id.*

6

(1992).[**] Applying Burdick, the Court first asked "whether I-872 severely burdens respondents' associational rights," Grange, 552 U.S. at 452, and eventually concluded that "[o]n its face, I-872 does not impose any severe burden on respondents' associational rights," id. at 458. Having established that the statute did not impose a severe burden, the Court went on to the second part of the Burdick analysis and concluded that "the State's asserted interest in providing voters with relevant information about the candidates on the ballot is easily sufficient to sustain I-872." Id. The Court therefore concluded that the challenged law was "facially constitutional." Id. at 459.

The Court's method of reasoning in Grange demonstrates that the way to determine whether a law has a "plainly legitimate sweep" is simply to apply the relevant substantive constitutional test. If the law, when considered on its face, fails the relevant test, then it does not have a "plainly legitimate sweep" and is facially unconstitutional.[***] To put this point

[**] The Court in Grange explained: "Election regulations that impose a severe burden on associational rights are subject to strict scrutiny, and we uphold them only if they are 'narrowly tailored to serve a compelling state interest.'" 552 U.S. at 451 (quoting Clingman v. Beaver, 544 U.S. 581, 586 (2005)). "If a statute imposes only modest burdens, however, then 'the State's important regulatory interests are generally sufficient to justify reasonable, nondiscriminatory restrictions' on election procedures." Id. at 452 (quoting Anderson v. Celebrezze, 460 U.S. 780, 788 (1983)). Accord Burdick, 504 U.S. at 434 (setting forth the same "flexible standard," under which "the rigorousness of our inquiry into the propriety of a state election law depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights").

[***] There is one passage in Grange which, if taken in isolation, could be misread as relying on the "no set of circumstances" test. The Court wrote:

> We are satisfied that there are a variety of ways in which the State could implement I-872 that would eliminate any real threat of voter confusion. . . . Our conclusion that these implementations of I-872 would be consistent with the First Amendment is fatal to respondents' facial challenge.

Grange, 552 U.S. at 456-57. This passage has to be read in the context of the whole majority opinion in Grange, which — as discussed above — relied on the flexible Burdick standard and held that the challenged law was facially constitutional because it met that standard. Id. at 458. Moreover, the passage must be read in the context of the Court's express announcement that it was not relying on the "no set of circumstances" test: "While some Members of the Court have criticized the Salerno formulation, all agree

7

another way: The phrase "plainly legitimate sweep" surely requires a court to decide whether a law's "sweep" is "legitimate" or not — and the only available tool for deciding that question is whatever substantive constitutional test applies to the type of law that is being challenged. Thus, in the present case, the way to decide whether each of the speech regulations at issue has a "plainly legitimate sweep" is to apply the constitutional test that governs content-neutral restrictions on the time, place, or manner of speech. See Knowles v. City of Waco, 462 F.3d 430, 433-34 (5th Cir. 2006).

Grange does not mean (and of course I do not contend) that the distinction between facial and as-applied challenges has no effect whatsoever or that courts should ignore it. On the contrary, the Grange Court's reasoning appropriately took into account the facial nature of the challenge. The Court explained: "We reject each of [the respondents'] contentions for the same reason: They all depend, not on any facial requirement of I-872, but on the possibility that voters will be confused as to the meaning of the party-preference designation. But respondents' assertion that voters will misinterpret the party-preference designation is sheer speculation." 552 U.S. at 454. Because Grange involved a challenge to the law on its face, the Court rejected arguments that went well beyond the facial content of the law itself and that relied on speculation about the law's potential effects. Thus, Grange exemplifies how a court should take into account the distinction between facial and as-applied challenges without lapsing into mistaken reliance on the erroneous "no set of circumstances" test.[****]

---

that a facial challenge must fail where the statute has a 'plainly legitimate sweep.' Washington's primary system survives under either standard, as we explain below." *Id.* at 449.

[****] In the present case, I continue to believe that the majority has also erred by refusing to address the as-applied arguments which the plaintiff raised in the district court and in this court, as explained in my

Our court's recent decision in International Women's Day March Planning Committee v. City of San Antonio, 619 F.3d 346 (5th Cir. 2010) [hereinafter International Women's Day], is like Grange in that the court decided whether a law had a "plainly legitimate sweep" by applying the substantive constitutional tests that were relevant to the type of law being challenged. The panel followed Grange by setting forth, in the alternative, the "no set of circumstances" test and the "plainly legitimate sweep" formulation. Id. at 355-56 (citing Grange, 552 U.S. at 449). The panel then determined that "the only claims properly before us are facial," id. at 357, and went on to decide the merits of the facial challenge by applying the relevant substantive constitutional doctrines. First, the panel reasoned that the city's financial support of certain parades and public events was not government speech. Id. at 359-60. Next, the panel decided that the financial support did not amount to content-based or viewpoint-based discrimination. Id. at 360-63. The panel then reasoned that the law did not give excessive discretion to either the city council or the police department to waive or assess fees for traffic control for parades. Id. at 363-69. Finally, the panel applied the test for content-neutral restrictions on the time, place, and manner of speech — the same test that applies to the regulations in the present case. Id. at 369 ("[W]e now address whether the ordinance is 'narrowly tailored to serve a significant governmental interest' and 'leave[s] open ample alternatives for

---

dissent from the original panel opinion. *Sonnier*, 613 F.3d at 450-53 (Dennis, J., concurring in part and dissenting in part). As the *Grange* Court explained, "[f]acial challenges are disfavored for several reasons," 552 U.S. at 450, so it is better for courts to start by addressing as-applied arguments when it is possible to do so. In this case, the record shows that the plaintiff presented the district court with facts, evidence, and arguments relating to the manner in which the SLU speech restrictions had been applied to him. He did not present a facial challenge to the court "in a vacuum," as the majority now incorrectly asserts. Maj. Op. 2.

communication.'" (quoting Forsyth County, Ga. v. Nationalist Movement, 505 U.S. 123, 130 (1992))).  The panel concluded that the challenged law met the requirements of this test, id. at 369-73, and accordingly "reject[ed] the plaintiffs' facial challenges," id. at 373.  Thus, the extensive analysis in International Women's Day — which did not rely at all on the "no set of circumstances" test — again demonstrates that the way to decide whether a law has a "plainly legitimate sweep" is simply to apply whatever constitutional doctrines and tests pertain to the type of law that is at issue.*****

In summary, neither Stevens nor Grange nor our court's jurisprudence supports the majority's mistaken assertion that "in the absence of an overbreadth challenge, the more flexible 'plainly legitimate sweep' standard has no application."  Maj. Op. 3.  On the contrary, the Court in both Stevens and Grange stated that when a facial challenge other than an overbreadth challenge is at issue, the challenge must fail if the law at issue has a "plainly legitimate sweep."  Stevens, 130 S. Ct. at 1587; Grange, 552 U.S. at 449.  The

---

***** Another instructive recent case in which one of our sister circuits considered how to decide whether a law has a "plainly legitimate sweep" is *General Electric Co. v. Jackson*, 610 F.3d 110 (D.C. Cir. 2010).  In that case, the D.C. Circuit first followed *Stevens* by acknowledging the dispute over the "no set of circumstances" and "plainly legitimate sweep" formulations.  *Id.* at 117.  The court then looked to Justice Stevens's dissent in *Troxel v. Granville*, 530 U.S. 57 (2000), to clarify the meaning of "plainly legitimate sweep" in this context.  The D.C. Circuit read the *Troxel* dissent as "explaining that facial invalidation is inappropriate under the 'plainly legitimate sweep' standard where the statute's application would be constitutional 'in many circumstances.'" *General Electric*, 610 F.3d at 117 (quoting *Troxel*, 530 U.S. at 85 (Stevens, J., dissenting).

After addressing the meaning of "plainly legitimate sweep" in this way, the D.C. Circuit immediately went on to announce and apply the relevant substantive constitutional test — "the now-familiar *Mathews v. Eldridge* balancing test" — to the statutory provisions that were challenged in that case.  *Id.*  The court rejected the appellant's arguments and concluded that the provisions were facially constitutional.  *Id.* at 118-24.  Thus, the *General Electric* case illustrates the same general approach to facial challenges that was used by the Supreme Court in *Grange* and by our court in *International Women's Day*, and which we ought to have followed in this case: deciding whether a challenged law has a "plainly legitimate sweep" by applying the relevant substantive constitutional test.

way to determine whether a law's "sweep" is "legitimate" is to apply the relevant substantive constitutional test, which in the present case is the test that governs content-neutral restrictions on the time, place, or manner of speech. The Supreme Court's reasoning in Grange and our own court's reasoning in International Women's Day exemplify the use of this approach to deciding facial challenges.

By contrast, the majority's misreading of Stevens and Grange effectively disregards the Court's "plainly legitimate sweep" formulation by wrongly equating it with the standard governing overbreadth challenges. This reasoning appears to be intended to support the majority's continued insistence on the "no set of circumstances" test, even though that test was unable to command the support of a majority of Justices in either Stevens or Grange. As I explained in my dissent from the original panel opinion, reliance on the "no set of circumstances" test is incompatible with not only Stevens and Grange, but also numerous other cases of the Supreme Court and the Fifth Circuit. See Sonnier, 613 F.3d at 453-70 (Dennis, J., concurring in part and dissenting in part). Moreover, the majority's application of the "no set of circumstances" test produces a wrong decision in this case, preventing a preacher from exercising his First Amendment rights by engaging in non-disruptive, religious conversations with individuals on an open mall on a public university campus. See id. at 450-51 (setting forth the facts). Therefore, I respectfully dissent from the order denying panel rehearing.

11